```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**TERRI HARRISON and**
**ALEXIS COX,**

    **Plaintiffs,**

v.                               CIVIL ACTION NO. 2:08-00078

**BOARD OF GOVERNORS OF**
**WEST VIRGINIA UNIVERSITY**
**and WEST VIRGINIA UNIVERSITY**
**INSTITUTE OF TECHNOLOGY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss of the Board of Governors of West Virginia University and the West Virginia University Institute of Technology ("defendants"). (Doc. No. 7.)

The Complaint filed in this action alleges violations of Title IX, 20 U.S.C. § 1681 *et seq.*, the West Virginia Human Rights Act, W. Va. Code § 5-11-1 *et seq.*, and common contract law. (Doc. No. 1 at 1, 7.)  Particularly, two members of the women's softball team at West Virginia University Institute of Technology, Terri Harrison and Alexis Cox ("plaintiffs"), claim that they were discriminated against "by being required to play softball in inadequate fields while the boys are provided better fields," "by being provided inadequate facilities as compared to the boys program," "by being provided with inadequate equipment," "by receiving less funds than the boys programs," "by not having

an assistant coach," and "by being awarded softball scholarship monies which did not exist." (Id. at 2-3.) Furthermore, the plaintiffs claim that the West Virginia University Institute of Technology agreed in writing to take corrective action with regard to the aforementioned complaints, but then refused to comply with the agreement. (Id. at 7.)

The defendants moved to dismiss pursuant to Rules 12(b)(2),(4),(5), and/or (6) of the Federal Rules of Civil Procedure, arguing that the plaintiffs failed to comply with the pre-suit notification requirements of West Virginia Code Section 55-17-3(a). (Doc. No. 8.) The plaintiffs responded arguing that they complied with West Virginia's pre-suit notification requirements by filing an administrative complaint with the United States Department of Education's Office of Civil Rights ("OCR"), and that they will suffer irreparable harm "if they have to 're-notice' their claim." (Doc. No. 10.) The defendants replied arguing that neither the OCR complaint nor the plaintiffs' request for injunctive relief satisfy the requirements of West Virginia Code Section 55-17-3(a). (Doc. No. 11.)

The court need not address the arguments of the plaintiffs and defendants because West Virginia Code Section 55-17-3 is inapplicable to "actions" based on federal question jurisdiction and initiated in federal court. Patterson v. Wright, No. 3:07-

cv-00151, 2008 WL 474113, at *1 (N.D. W. Va. Feb. 20, 2008) (Slip Copy) (Bailey J.) (<u>citing</u> <u>Cunningham v. West Virginia</u>, No. 6:06-cv-00169, 2007 WL 895866, at *6 (S.D. W. Va. Mar. 22, 2007) (Slip Copy) (Goodwin J.)). Accordingly, West Virginia's pre-suit notification requirements are inapplicable here, and defendants' motion to dismiss must be **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 2nd day of May, 2008.

                ENTER:

                */s/ David A. Faber*
                David A. Faber
                United States District Judge